

**CIRCUIT COURT FOR FREDERICK COUNTY, MARYLAND**

100 West Patrick Street
Frederick, Maryland  21701

Clerk of the Court: 301-600-1976
Assignment Office: 301-600-2015

**To:**   PAUL VICTOR JORGENSEN
215 WEST MAIN ST.
MIDDLETOWN, MD 21769

| | |
|---|---|
| **Case Number:** | **C-10-CV-23-000470** |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**JAY KRUISE VS. PAUL JORGENSEN**

Issue Date: 7/19/2023

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

JAY KRUISE
550 Palmer Circle
Dickson City, PA  18519

This summons is effective for service only if served within 60 days after the date it is issued.

*Sandra K. Dalton*

Sandra K. Dalton
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.

Instructions for Service:

1.  This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2.  Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3.  Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4.  If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Jay Kruise vs. Paul Jorgensen

Circuit Court for Frederick County
Case Number: C-10-CV-23-000470

## SHERIFF'S RETURN
### (please print)

To:  PAUL VICTOR JORGENSEN

_____ ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
Name of person served

on _____ at _____
Date of service                         Location of service

_____ by _____ with the following:
                                  Manner of service

☐ Summons                          ☐ Counter-Complaint
☐ Complaint                        ☐ Domestic Case Information Report
☐ Motions     _____      ☐ Financial Statement
☐ Petition and Show Cause Order    ☐ Interrogatories
☐ Other _____
              Please specify

(2) Was unable to serve because:
☐ Moved left no forwarding address   ☐ No such address
☐ Address not in jurisdiction        ☐ Other _____
                                             Please specify

Sheriff fee: $ _____  ☐ waived by _____

_____       _____
Date                    Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

FILED: FREDERICK CIRCUIT CT
JUL 19 '23 PM 2:59 Sandra Dalton

## IN THE CIRCUIT COURT OF FREDERICK COUNTY
## STATE OF MARYLAND

Jay Kruise                  :
550 Palmer Circle      :
Dickson City, PA 18519  :
          **Plaintiff,**  :
                   :
                   :  NO. C10CV23470
**Vs.**                  :
                   :  **JURY TRIAL DEMANED**
                   :
Paul Victor Jorgensen   :
215 West Main St.      :
Middletown, MD 21769  :
         **Defendant.**  :
                   :

## COMPLAINT

Plaintiff Jay Kruise brings this cause of action against Defendant Paul Victor Jorgensen for

breach of contract and breach of contractual duty of good faith and fair dealing and alleges the

following based upon information, belief and investigation of his formal counsel:

### JURISDICTION

1. The Plaintiff, Jay Kruise is a resident of Pennsylvania.  The claims hereinafter stated
   arose in whole or part in Frederick County, Maryland.

2. The Defendant, Paul Victor Jorgensen, is a resident of Maryland, and may be served with
   process at the above address.

3. The Defendant, Paul Victor Jorgensen, is a Frederick county resident who may be served
   with process at his place of employment at the above address.

1

4. This Court has subject matter jurisdiction over this action pursuant to Maryland Code Commercial Law § 22-701.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367(d).

6. This Court has subject matter jurisdiction over this action pursuant to Maryland Code, Commercial Law, § 23-105. Covenant of good faith and fair dealing; implied duties.

7. This Court has personal jurisdiction over Defendant Jorgensen pursuant to Maryland Code, Courts and Judicial Proceedings § 6-103.

8. The Frederick County Circuit Court is the proper venue for this case because Defendant Jorgensen is an attorney licensed to practice law in the state of Maryland, conducts regular, substantial, and purposeful business in Frederick County, and the actions by Defendant Jorgensen that injured Plaintiff Kruise took place within Frederick County. Frederick County is also where the Defendant's law office is where the contract between Defendant and Plaintiff was signed, and face-to-face meetings between Plaintiff and Defendant were conducted.

## STATEMENT OF FACTS

9. The Plaintiff, Jay Kruise ("Kruise") is an individual currently residing at 550 Palmer Circle, Dickson City, Pennsylvania 18519.

10. The Defendant, Paul Victor Jorgensen ("Jorgensen"), is an individual currently residing and has a law office at 215 West Main St., Middletown, Maryland 21769.

11. On December 1, 2007, Plaintiff Kruise and Defendant Jorgensen entered into an Attorney-Client Fee Agreement ("Agreement").  See attached **Exhibit 1**.

2

12. Paragraph 2 of the Agreement, entitled ATTORNEY's DUTIES, stated that "Attorney shall provide legal representation in the aforesaid EEO proceedings, enter his appearance, take reasonable steps to keep Client informed of the progress, respond to Client's inquiries, abide by the Professional Rule of Conduct, and abide by this contract."

13. Plaintiff Kruise retained Defendant Jorgensen to represent him in the EEO proceeding in *Complaint of Jay Kruise v. The Honorable Pete Geren, Secretary of the Army*, DA Docket No. AREUHEID07APR01420.

14. The subject matter of the EEO proceeding involved, among other things, the suspension of Plaintiff Kruise's security clearance by the U.S. Army.

15. At all times relevant to this complaint, the Defendant Jorgensen had a legal obligation to comply with the Maryland Attorneys' Rules of Professional Conduct as made and applied.

16. As attorney for Plaintiff Kruise, Defendant Jorgensen had a duty to make sure all fees charged were reasonable and consistent with the Maryland Attorneys' Rules of Professional Conduct and any applicable law pertaining to the charging of legal fees.

17. As attorney for Plaintiff Kruise, Defendant Jorgensen had a duty to keep the Plaintiff reasonable informed, and to provide him with all such relevant information so that he could make informed decisions about the case.

18. As attorney for Plaintiff Kruise, Defendant Jorgensen "may not withhold information to serve the attorney's own interest or convenience or the interests or convenience of another person."

19. In his April 29, 2015 letter to the defense attorney, Defendant Jorgensen made a $371,596 settlement demand on behalf of Plaintiff Kruise as follows: $181, 896 lost

3

income, interest, and lost rent deposit; $100,000 non-economic damages for pain and

suffering; $89, 700 attorney's fees (including 274 hour x $300/hour); a total of $371, 596.

20. On July 21, 2015, Defendant Jorgensen, the U.S. Army Attorney, Steven Kellogg and

U.S. EEOC Judge Abigail Coleman participated in a conference call regarding Kruise's

EEO complaint, in which Judge Coleman indicated that she would deny the U.S. Army's

Motion to Dismiss.

21. After the conclusion of the conference call, U.S. Attorney Kellogg emailed Defendant

Jorgensen a settlement offer for the Plaintiff in the amount of $2000, 000, which was

noted as the final offer and that this was limited of Attorney Kelloggs' authority to settle

the matter.

22. On July 21, 2015, after Defendant Jorgensen was informed of the settlement offer, he did

not forward the settlement offer to Plaintiff Kruise.

23. On July 21, 2015, after Defendant Jorgensen was informed of the settlement offer, he

sent an email to Plaintiff Kruise stating: "I just finished conference call w Coleman and

Kellogg. This confirms my thinking to go to federal court. The EEOC process is adding

more time and expense and will not yield the results we want."

24. The following day, July 22, 2015, Plaintiff Kruise participated in a court-ordered

Telephone Status Conference at 1:30 p.m. with U.S. EEOC Administrative Judge

Coleman.  During this conference call, Judge Coleman informed Kruise that the U.S.

Army had offered a $200,000 settlement.  Defendant Jorgensen immediately stated:

"don't take it.  I can double that" amount in federal court.  If the EEOC judge had not

disclosed the final $200,000 settlement offer to Kruise, he would never have known

about it.

25. Jorgensen advised Kruise to file a lawsuit in U.S. District Court in Washington, D.C., based upon holding of *Rattigan v. Holder*, 689 F.3d (D.C. Cir. 2012).

26. Defendant Jorgensen told Plaintiff Kruise that he could get much more in damages and said the U.S. District Court in D.C. was the "big leagues", that his lawsuit would make him famous, and that he could write a best-selling book about his experience.

27. Plaintiff Kruise determined that he would net only $117,800 before taxes from the $200,000 settlement offer by the U.S. Army, based upon the terms of Defendant Jorgensen's hybrid retainer agreement; but under a straight one-third contingency fee, Plaintiff Kruise would have recovered $133,333.33 of the $200,000 settlement.

28. The lower net projected recovery of $117,800 before taxes strongly influenced Plaintiff Kruise's decision to follow Defendant Jorgensen's advice in rejecting the $200,000 settlement offer from the U.S. Army.

29. Based on Defendant Jorgensen's advice and his enthusiasm to file a lawsuit in the U.S. District Court for the District of Columbia, Plaintiff Kruise rejected the U.S. Army's $200,000 settlement offer.

30. Plaintiff Kruise authorized Defendant Jorgensen to file his EEO lawsuit in the U.S. District Court for the District of Columbia.

31. Defendant Jorgensen filed Plaintiff Kruise's EEO lawsuit in the U.S. District Court for the District of Columbia on July 26, 2015.

32. After Defendant Jorgensen filed Plaintiff Kruise's EEO lawsuit in the U.S. District Court for the District of Columbia, the U.S. Army filed a Motion to Dismiss or, in the alternative, to transfer the case to the U.S. District Court for the Eastern District of

5

Virginia, because Virginia, as the headquarters of the U.S. Army at the Pentagon, was the only proper venue.

33. On June 14, 2016, the U.S. District Court for the District of Columbia granted the U.S. Army's Motion to Transfer the case to the U.S. District Court for the Eastern District of Virginia.

34. After the case was transferred to the U.S. District for the Eastern District of Virginia, the U.S. Army moved to dismiss Plaintiff Kruise's lawsuit on the grounds that the court does not have subject matter jurisdiction to review security clearance decisions.

35. On October 12, 2016, the U.S. District Court for the Eastern District of Virginia granted the U.S. Army's Motion to Dismiss.

36. On July 21, 2017, the United States Court of Appeals for the Fourth Circuit affirmed the District Court's decision with a two-page unpublished per curiam opinion.

37. On December 18, 2018, Plaintiff Kruise by and through his attorney filed 1) legal malpractice, 2) breach of contract, 3) breach of the covenant of good faith and fair dealing, 4) breach of fiduciary duty, and 5) negligent misrepresentation lawsuit against Defendant Jorgensen in the Superior Court of the District of Columbia Civil Division (Civil Action Number 2018 CA 00818 B).

38. On January 9, 2019, Defendant Jorgensen filed a Notice of Removal from the Superior Court to the U.S. District Court for the District of Columbia under diversity jurisdiction under 28 U.S.C. § 1332, which was granted.

39. On October 8, 2021, Defendant Jorgensen filed a motion "under Federal Rule of Civil Procedure 56 for summary judgment on all five counts of the Complaint against him."

40. On September 22, 2022, the U.S. District Court for the District of Columbia dismissed all of Kruise's five claims because "Kruise has not produced any expert evidence that Jorgensen's performance fell below the standard of care."

41. On September 22, 2022, the U.S. District Court for the District of Columbia declined to adjudicate the claims of the breach of contract and breach of the covenant of good faith and fair dealing on the merits, which was initially filed in Washington D.C. Superior Court and dismissed all claims in the Complaint against Jorgensen. In the breach of contract claim, Defendant Jorgensen failed to perform the duty agreed upon by both parties. The issue was not whether Kruise was required to present expert testimony to demonstrate that Jorgensen's performance fell below the standard of care. Instead, the issue is whether, to survive summary judgment, Kruise was required to name an expert witness when the complaint alleged that Jorgensen breached the parties' agreement.

42. On October 19, 2022, Plaintiff Kruise's attorney filed an appeal to the U.S. Court of Appeals for the District of Columbia Circuit.

43. On January 18, 2023, Plaintiff Kruise's attorney filed an initial appellant's brief.

44. On February 17, 2023, Defendant Jorgensen filed his initial appellee's brief.

45. On March 22, 2023, Plaintiff Kruise's attorney filed a deferred joint appendix.

46. On April 4, 2023, Plaintiff Kruise's attorney filed the final appellant's brief.

47. On April 8, 2023, Defendant Jorgensen discovered that Kruise's attorney failed to comply with the "Federal Rules of Appellate Procedure. D.C. Cir. R. 38." regarding submitting the final appellant brief and appendix. Defendant Jorgensen seized the opportunity to file a "Motion to Dismiss Appeal and/or for Other Appropriate Relief."

7

48. On April 27, 2023, the U.S. Court of Appeals for the District of Columbia issued an Order to cancel the scheduled oral argument.

49. On May 16, 2023, the U.S. Court of Appeals for the District of Columbia issued an unpublished three-page per curiam opinion affirming the district court's dismissing all claims and ordered Kruise's attorney to pay Jorgensen in the amount of $2,500 "as a compensation for the reasonable cost of Jorgensen's time and expenses in preparing the sanctions motion."

50. On June 23, 2023, the U.S. Court of Appeals for the District of Columbia Circuit issued a mandate concluding all federal proceedings.  See attached **Exhibit 2**.

51. Defendant Jorgensen's actions caused Plaintiff Kruise to lose a $200,000 proposed settlement from the U.S. Army and thousands of dollars in attorney fees ($161,870) paid to Jorgensen.

52. The Defendant Jorgensen defaulted in the performance of the terms, conditions and stipulations of the above referenced contract.

53. The breach of this contract by the Defendant Jorgensen was without an arguable basis and was accompanied by conduct so willful and so grossly negligent as to constitute and independent tort.

## CLAIM 1
## BREACH OF CONTRACT

Paragraphs 1 through 53 are incorporated herein by reference.

54. A valid Attorney-Client Agreement was signed by both Plaintiff Kruise and Defendant Jorgensen on December 1, 2007.

55. Paragraph1 of the Agreement between Plaintiff Kruise and Defendant Jorgensen states:

SCOPE OF CONTRACT: Client hires Attorney to represent him in the EEO proceedings in *Complaint of Jay Cruise* (sic) *v. The Honorable Pete Geren, Secretary of Army, DA Docket No. AREUHEID07APR01420.*

56. Paragraph 2 of the Agreement between Plaintiff Kruise and Defendant Jorgensen states:

ATTORNEY'S DUTIES: Attorney shall provide legal representation in the aforesaid EEO proceedings, enter his appearance, <u>take reasonable steps to keep client informed of the progress</u>, respond to client's inquiries, <u>abide by the Professional Rules of Conduct</u>, and <u>abide by this Contract</u>.  [Emphasis added].

57. The legal relationship between Plaintiff Kruise and Defendant Jorgensen constituted a valid contract.

58. It is undisputed that a valid contract existed between Defendant Jorgensen and Plaintiff Kruise.  It is undisputed that Jorgensen had a duty to "take reasonable steps to keep Client informed of progress", "abide by the Professional Rules of Conduct" and "abide by this Contract."  It is undisputed that Jorgensen breached that duty by failing to inform Kruise about the settlement offer of $200,000 immediately after it was made.  It is undisputed that Kruise was damaged by Jorgensen's breach of the contract between them.

59. Maryland Rule 19-301.4 – Communication (1.4) comment 1 states:

[A]n <u>attorney who receives from an opposing attorney an offer of settlement in a civil controversy</u> or a proffered plea bargain in a criminal <u>case must promptly inform the client of its substance</u> unless the client has previously indicated that the proposal will be acceptable or unacceptable or has authorized the attorney to accept or to reject the offer.  [Emphasis added].

60. Defendant Jorgensen breached his contract with Plaintiff Kruise when he failed to inform Kruise of the settlement offers by the Army attorney Steven Kellogg on multiple occasions.

61. Defendant Jorgensen breached his contract with Plaintiff Kruise when he failed to promptly inform Kruise of the <u>final settlement offer</u>.  The $200,000 last settlement offer

was hidden from Kruise by Jorgensen when it was emailed to him on July 21, 2015, at

3:45 p.m. by Army attorney Kellogg.  Instead, on July 21, 2015, at 5:13 p.m., Jorgensen

emailed Kruise to remove the complaint from the EEOC and file a lawsuit in the U.S.

District Court in Washington, D.C.

62. Defendant Jorgensen breached his contract with Plaintiff Kruise by failing to take

reasonable steps to keep Kruise informed of the progress by failing to immediately tell

Kruise about the $200,000 settlement offer made by the Army, failing to abide by the

rules of professional conduct, and abide by the contract.

63. Defendant Jorgensen breached his contract with Plaintiff Kruise by withholding

information (a $200,000 settlement offer) from Kruise to serve his interest.

64. Maryland Rule 19-301.4 – Communication (1.4) comment 7 states:

> An attorney may not withhold information to serve the attorney's own interest or
> convenience or the interest or convenience of another person.

65. Defendant Jorgensen withheld the $200,000 final settlement offer from Plaintiff Kruise to

serve his interest by billing Kruise excessive fees after the complaint was filed in the U.S.

District Court in Washington, D.C.

66. The actions of Defendant Jorgensen breached the terms of the contract with Plaintiff

Kruise in that he failed to "take reasonable steps to keep client informed of the progress,"

"abide by the Professional Rules of Conduct," and "abide by this Contract."

## CLAIM 2
## BREACH OF CONTRACTUAL DUTY OF GOOD FAITH AND FAIR DEALING

Paragraph 1 through 66 are incorporated herein by reference.

67. The law of Maryland imposes a duty of Good Faith and Fair Dealing in each contractual

relationship.

68. The actions of Defendant Jorgensen breached the duty of Good Faith and Fair Dealing

owed to Plaintiff Kruise in one or more of the following ways:

    A.  The fees Defendant Jorgensen charged for services rendered were excessive.

        According to Jorgensen's invoices, Kruise paid **$161, 870** to Jorgensen.

    B.  The retainer agreement's non-refundable $3,000 fee provision violated

        Maryland Rule 19-301.15(c).  The Rule states:

> Unless the client gives *informed consent*, **confirming in writing**, to a
> different arrangement, a lawyer shall deposit legal fees and expenses that
> have been paid in advance into a client trust account and withdraw those
> funds for the lawyer's own benefit only as fees are earned or expenses
> incurred.  [Emphasis added]

"informed consent" is defined in Maryland Rule 19-301.0(f) as "the agreement

by a person to a proposed course of conduct after the lawyer has communicated

adequate information and explanation about the material risks of and reasonably

available alternatives to the proposed course of conduct."  An attorney "must

make reasonably adequate to make an informed decision," including "any

explanation reasonably necessary to inform the client or other person of the

material advantages and disadvantages of the proposed course of conduct and a

discussion of the client's or other person's options and alternatives."  Note 6 to

Maryland Rule 19-301(f).

    C.  The hybrid retainer agreement violated the rule against an attorney receiving

        an excess fee.  Maryland Rule 19-301.5(a) of the Maryland Lawyers Rule of

        Professional Conduct states that a lawyer "shall not make an agreement for,

        charge, or collect an unreasonable fee" and sets forth the eight factors in

        determining whether a fee is reasonable.

D.  Defendant Jorgensen violated Maryland Rule 19-301.15(c) by depositing

unearned fees into his operating account.  Jorgensen's invoices failed to show

whether he deposited any of Kruise's payments into his Attorney Trust

Account.  Maryland Rule 19-407(a)(3)(A) requires that an attorney maintain a

record of the amount and date of each deposit into his Attorney Trust Account

and the date, amount, check number, and payee of each disbursement from the

Attorney Trust Account.

E.  The billing statements were not sufficiently detailed.  Instead of providing

detailed descriptions of Jorgensen's legal services, many of his billing entries

are cryptic and/or lack specificity.  For example, there are many multiple

entries of "prepare federal court complaint," "draft discovery," "prepare

brief," and "prepare reply brief."

F.  Defendant Jorgensen's billed amount of time was excessive.  Many of the

discreet legal tasks that Jorgensen claimed to have performed consumed an

excessive amount of his time.  Jorgensen also dared to bill 3.5 hours to

"research and preparation to withdraw in the 4th Cir. Appeal."  An attorney

cannot bill a client for researching and preparing a motion to withdraw

because such work is outside the parties' Retainer Agreement scope.

G.  Defendant Jorgensen failed to submit his invoices on a timely basis.  It is a

violation of Maryland rule 19-301.4(a)(2) (communications) when an attorney

fails to keep a client reasonably informed, including not submitting monthly

or periodic billing statements.

12

69. As a result of Defendant Jorgensen's breach of his contractual duty of good faith and fair

dealings, Plaintiff Kruise suffered significant financial loss and injury.

   WHEREFORE, Plaintiff Kruise respectfully requests judgment against Defendant

Paul Victor Jorgensen in an amount to be determined at trial but believed to be an amount

exceeding $200,000 in compensatory damages, plus a refund of attorney's fees in the

amount of $161, 870 plus costs associated with this action and such further relief as this

Court deems fair, just and equitable.

                         Respectfully submitted

                         Jay Kruise, Pro Se
                         550 Palmer Circle
                         Dickson City, PA 18519
                         (570) 891-8323
                         jkruise@gmail.com

FILED: FREDERICK CIRCUIT CT
JUL 19 '23 PM3:00 Sandra Dalton

# EXHIBIT 1

## Attorney-Client Fee Agreement



## Paul Victor Jorgensen

Attorney at Law
215 WEST MAIN STREET
P. O. BOX 850
MIDDLETOWN, MARYLAND 21769

FACSIMILE
301-371-5840

TELEPHONE
301-293-6822

November 26, 2007

*Via E Mail and First Class Mail*

Mr. Jay Kruise
727 Main Street
Dickson City, Pennsylvania  18519

Dear Mr. Kruise:

As we dicussed by telephone, I have reviewed the documents that you provided me, although not all in depth.

Enclosed is a retainer agreement under which I would be willing to represent you, if accepted within ten (10) days.  Although you can sign it and return it to me with the retainer check by mail, I prefer a face to face meeting before we make a final decision whether to enter an attorney-client relationship.

Please feel free to call me if you have any questions or to make an appointment.

Sincerely,

Paul Victor Jorgensen

Enclosure

EXHIBIT 1

**THIS ATTORNEY-CLIENT FEE CONTRACT** is entered into by and between **Jay Kruise** (Client), and **Paul Jorgensen** (Attorney) effective the date that the initial retainer referenced in Paragraph 4 is paid in full, and clears if paid by way of check.

**1. SCOPE OF CONTRACT:** Client hires Attorney to represent him in the EEO proceedings in *Complaint of Jay Cruise v. The Honorable Pete Geren, Secretary of the Army,* DA Docket No. AREUHEID07APR01420.

**2. ATTORNEY'S DUTIES:** Attorney shall provide legal representation in the aforesaid EEO proceedings, enter his appearance, take reasonable steps to keep Client informed of progress, respond to Client's inquiries, abide by the Professional Rules of Conduct, and abide by this Contract.

**3. CLIENT'S DUTIES:** Client shall be truthful with Attorney, cooperate with Attorney, provide Attorney with necessary information, keep Attorney informed of developments, pay Attorneys' bills upon receipt, keep Attorney advised of Client's address, telephone number and whereabouts, and abide by this Contract.

**4. LEGAL FEES:** Client shall pay an initial retainer of $6,000.00, half of which shall be a non-refundable retainer, the other half of which shall be applied to Attorney's fees, costs and expenses until exhausted. In the event that it becomes necessary to file suit in federal court to prosecute this matter, and Client agrees to the filing of such suit, Client shall pay such additional retainers as the Attorney may request, and all such retainers shall be applied to Attorney's fees, costs, and expenses until exhausted.

Attorney shall render bills to Client itemizing all time and expenses incurred, and Client shall pay any amounts due within fifteen (15) days from receipt. Provided that Client makes payment in full on a timely basis, the Attorney shall provide a discount of ten percent (10%) of any ongoing billing of Attorney's fee that would otherwise be due.

The Attorney's hourly rate is $300 per hour. Due to Client's lack of financial resources, Client shall pay a reduced ongoing fee based on a charge of $180/hour until such time that the Client collects legal fees, damages, back wages, or other compensation. Upon collection of such legal fees, damages, back wages, or other compensation, Client shall pay Attorney a balance equal to the greater of a) the amount Attorney would have received at his normal rate of $300/hour; or b) 33 1/3% of all sums collected by Client due to Attorney's representation; or c) any other fees set by the court or agency involved.

**5. COSTS AND EXPENSES:** In addition to paying legal fees, Client shall pay for all non-attorney costs and expenses incurred by Attorneys, including process servers' fees, fees fixed by law or assessed by courts or other agencies, stenographers' fees, witness fees, and expert consultant fees.

**6. DISCHARGE AND WITHDRAWAL:** Client may discharge Attorney at any time provided that the applicable court or agency permits such discharge. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Contract; Client's refusal to cooperate with Attorney or to follow Attorney's advice; information establishing a lack of basis for further action; or any circumstance that would render Attorney's continuing representation unlawful or unethical.

**7. CONCLUSION OF SERVICES:** Client shall promptly pay all unpaid charges upon conclusion of Attorney's services.

**8. DISCLAIMER OF GUARANTEE:** Nothing in this Contract and nothing in Attorney's statements to Client are guarantees about the outcome of Client's matter. Attorney makes no such guarantees. Attorney's comments are expressions of professional opinion only.

12/1/07
_____
**DATE**

_____
**PAUL JORGENSEN, Attorney**

12-01-07
_____
**DATE**

_____
**JAY KRUISE, Client**

FILED: FREDERICK CIRCUIT CT
JUL 19 '23 PM 3:00 Sandra Dalton

# EXHIBIT 2

## MANDATE

Case 1:23-cv-02341   Document 1-1   Filed 08/11/23   Page 20 of 23

Case 1:19-cv-00049-DLF   Document 55-2   Filed 08/11/23   Page 20 of 23
Case 1:19-cv-00049-DLF   Document 53   Filed 06/23/23   Page 1 of 1
USCA Case #22-7143      Document #2004860        Filed: 06/23/2023    Page 1 of 1

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

# EXHIBIT 2

**No. 22-7143**                          **September Term, 2022**

**1:19-cv-00049-DLF**

**Filed On: June 23, 2023** [2004860]

Jay Kruise,

        Appellant

    v.

Paul Victor Jorgensen, I,

        Appellee

## M A N D A T E

    In accordance with the judgment of May 16, 2023, and pursuant to Federal Rule of
Appellate Procedure 41, this constitutes the formal mandate of this court.

                             **FOR THE COURT:**
                             Mark J. Langer, Clerk

               BY:   /s/
                     Daniel J. Reidy
                     Deputy Clerk

Link to the judgment filed May 16, 2023

FILED: FREDERICK CIRCUIT CT
JUL 19 '23 PM 2:58 Sandra Dalton

IN THE CIRCUIT COURT FOR Frederick County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT
### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF   ☐DEFENDANT     CASE NUMBER
(Clerk to insert)

CASE NAME: Jay Kruise                          vs.   Paul Victor Jorgensen
Plaintiff                                                  Defendant

PARTY'S NAME: Jay Kruise                        PHONE: 570-891-8323

PARTY'S ADDRESS: 550 Palmer Circle, Dickson City, PA 18519

PARTY'S E-MAIL: jkruise@gmail.com

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME:_____ PHONE:_____

PARTY'S ATTORNEY'S ADDRESS:_____

PARTY'S ATTORNEY'S E-MAIL:_____

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known:_____

ANTICIPATED LENGTH OF TRIAL?: 5 hours  1 days

### PLEADING TYPE

New Case: ☒Original      ☐Administrative Appeal   ☐Appeal

Existing Case: ☐Post-Judgment   ☐Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:_____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☒ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)          Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☒ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated **Liability** above, mark one of the following.* This information is not an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded. ☐Liability is not conceded, but is not seriously in dispute. ☐Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) | | | |
|---|---|---|---|
| ☐ Under $10,000 | ☐ $10,000 - $30,000 | ☐ $30,000 - $100,000 | ☒ Over $100,000 |
| ☐ Medical Bills $_____ | ☐ Wage Loss $_____ | ☐ Property Damages $_____ | |

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION | | | |
|---|---|---|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| A. Mediation | ☒Yes ☐No | C. Settlement Conference | ☒Yes ☐No |
| B. Arbitration | ☐Yes ☐No | D. Neutral Evaluation | ☐Yes ☐No |

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.* ***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less        ☐ 3 days of trial time
☒ 1 day of trial time              ☐ More than 3 days of trial time
☐ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☒ **Expedited**- Trial within 7 months of        ☐ **Standard** - Trial within 18 months of
Defendant's response                                      Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☒ **Expedited** - Trial within 7 months of Defendant's response          ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff........................... . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

July 19, 2023
Date

550 Palmer Circle
Address

| Dickson City | PA | 18519 |
|---|---|---|
| City | State | Zip Code |

Signature of Counsel / Party

Jay Kruise
Printed Name

CC-DCM-002 (Rev. 04/2017)                    Page 3 of 3